DOROTHY PAUL, a/k/a DOROTHY NOSCOW, Plaintiff-Appellant, v. PAUL'S LIQUOR STORE COMPANY, a Delaware Corporation, Defendant-Appellee.

(*February* 14, 1966)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Garry G. Greenstein,* of Wahl, Greenstein & Berkowitz, for appellant.

*Victor F. Battaglia,* of Theisen & Lank, for appellee.

Supreme Court of the State of Delaware, No. 66, 1965.

CAREY, Justice:

This appeal from an order of the Superior Court denying plaintiff's motion for summary judgment presents the question of whether a tenant is responsible, under the terms of a written lease, for the rebuilding of an exterior brick wall which had been condemned by the Building Inspector of Wilmington.

Appellant was the lessor, and appellee the lessee, of a three-story building on Delaware Avenue in Wilmington, occupied as a store on the first floor and an apartment on the second and third floors. Their lease agreement was entered into on August 10th, 1954. Its period was for five years, with an option to extend it for an additional ten years. That option was duly exercised. Apparently as the result of ordinary wear and tear over an extended period, the condition of the front wall deteriorated to the extent that in 1962 the Building Inspector ordered the wall reconstructed. The lessor had the wall torn down, a new foundation laid and a new wall erected. She then brought this action to recover the cost of that work.

Counsel are in agreement upon two points: (1) a tenant is responsible for structural repairs or reconstruction only when he is so bound by his contract; (2) a covenant to keep the building in good order and repair does not obligate him to make structural repairs or replacements. Cf. *Harris v. Goslin,* 3 Harr. 338. They disagree as to whether the lease here involved places that responsibility upon the tenant. According to appellant, this responsibility is imposed by the second "condition" of the lease, which reads as follows:

"2. The lessee shall maintain and keep in good order and repair the demised premises, including the sidewalks adjacent thereto, during the term hereby granted, at its own cost and expense.

It is further agreed that no major alterations shall be made in said premises by the Lessee without the consent of the Lessors first had and obtained in writing. The cost of any and all alterations to the interior of the building and any redecorating or painting thereof, and the maintenance thereof, shall be borne and paid for by the Lessee.

Lessors shall only be responsible for the costs of structural repairs to the exterior walls of the premises and for repairs to the roof of the premises if the same are substantially damaged by wind, storm, or an act of God, and shall not be responsible for costs of other repairs whether structural or otherwise.

The first quoted paragraph, standing alone, binds the lessee to make nothing more than ordinary repairs; it does not make him "an insurer against natural wear and decay," to use the language of *Harris v. Goslin,* supra. *Clark & Stevens v. Gerke,* 104 Md. 504, 65 A. 326; *Taylor v. Gunn,* 190 Tenn. 45, 227 S.W.2d 52; *Kaufman v. Shoe Corp. of America,* 24 Ill. App. 2d 431, 164 N.E.2d 617; 3A Thompson on Real Property, (1959) Sec. 1232 and Sec. 1233. The second paragraph deals only with alterations, and binds the lessee to pay for interior alterations and their maintenance. The third paragraph binds the lessee to nothing; as the Court below said, it limits the obligation of the lessor to pay for structural repairs to the exterior walls and roof when damaged by wind, storm or act of God, and disclaims responsibility of the lessor for the cost of other repairs whether structural or not.

Appellant contends that the disclaimer contained in the third paragraph, when coupled with the tenant's undertaking in the first paragraph, implies a duty of the tenant to pay for structural repairs other than those caused by wind, storm or act of God. This argument assumes that the wall had to be reconstructed by one party or the other. But this is not necessarily true; it is entirely possible that neither party had a duty to rebuild. Cf. *Girard Trust Co. v. Tremblay Motor Co.,* 291 Pa. 507, 140 A. 506.

We are not presently concerned with the question of

whether the tenant could have required the lessor to rebuild the wall; our only problem is whether the tenant assumed that obligation under this agreement. Nothing in the lease expressly says so, and we find nothing therein which necessarily implies such an obligation. The general rule is that a lease is construed against a lessor in case of ambiguity. 32 Am.Jur. 133; *Old Time Petroleum Co. v. Turcol,* 18 Del. Ch. 121, 156 A. 501. Even if this agreement be deemed ambiguous, therefore, the Court below was correct in finding no liability on the part of the tenant under the facts of this case. See 33 A.L.R. 532.

The order entered below must be affirmed.